UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARTINA ARCENEAUX** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **CITY OF HOUSTON** | § | |
| | § | |
| Defendant. | § | (Jury Trial Demanded) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Martina Arceneaux ("Plaintiff" or "Arceneaux") complaining of and about City of Houston ("Houston" or "Defendant"), and in support shows as follows:

## I.   INTRODUCTION

1. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII") against Defendant for its unlawful employment practices including sex discrimination and retaliation.

## II.   PARTIES

2. Plaintiff Martina Arceneaux is an employee of the City of Houston and a resident of Harris County, Texas.

3. Defendant City of Houston is a governmental entity created pursuant to the laws of the State of Texas and is located within this judicial district. Defendant may be served pursuant to

Rule 4 of the Federal Rules of Civil Procedure by serving the City Secretary Pat J. Daniel at 900 Bagby Street Room 101, Houston Texas 77002, or any representative/agent authorized to accept service on behalf of Defendant.

### III.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 as it arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has personal jurisdiction over the Defendant because it is an entity created under Texas law and because it continuously and systemically does business within the state of Texas. Moreover, Defendant employed (and still employs) Plaintiff within the state of Texas.

6. The Southern District of Texas is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this district. Venue is also proper in this district because Defendant operated within this judicial district at all relevant times to the events giving rise to this suit.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On October 2, 2020, Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").  In that Charge, Plaintiff asserted that Defendant discriminated her because of her sex and retaliated against her because she complained about the sex discrimination.

8. On January 9, 2023, Plaintiff's prior counsel received a Notice of Right to Sue from the EEOC. Plaintiff files this Original Complaint within 90 days of receiving the Right to Sue Notices from the EEOC.

## V. FACTS

9. Arceneaux isa female employee of the City of Houston.

10. Arceneaux has worked for the City of Houston since 1999.

11. Arceneaux in currently a Utility Worker in the HPW Division.

12. In November 2019, Arceneaux became an acting Supervisor due to vacancy.

13. As a part of her role as an Acting Supervisor, Arceneaux began the 90 day training program for supervisors.

14. On December 3, 2019, Arceneaux applied for an open Supervisor position.

15. Arceneaux was interviewed for the Supervisor Position.

16. Following her interview, Gregory Hafner ("Hafner"), the Manager, informed Arceneaux that she had been selected for the job and was going to be promoted.

17. A week later, Arceneaux was informed by Hafner that Lonnie Foley ("Foley"), a another Manager, did not want her as his Supervisor and decided to cancel the position instead of giving it to her.

18. In January 2020, Arceneaux again applied for a Supervisor position and was interviewed for the job on March 11, 2020.

19. The Supervisor position was awarded to Marcus Hodge, a male utility worker, who had only worked for the City of Houston for approximately five (5) years and had significantly less experience than Arceneaux.

20. Defendant claims Arceneaux did not receive the Superior position because she had not completed the training program and because Hodge had "more relevant experience.

21. Arceneaux had completed the Supervisor training program on or around February 10, 2022 well before she was interviewed for the position.

22. Hodge began the Supervisor training program around December 17, 2019, approximately a month after Arceneaux began the 90-day training program.

23. On March 23, 2020, and May 13, 2020, Ms. Arceneaux submitted written complaints to the City of Houston putting the Defendant on notice that she believed she was being discriminated against and being denied positions and promotions unlawfully

24. Arceneaux continued to apply for supervisor positions.

25. On or around July 13, 2020, Arceneaux again applied for a Supervisor promotion. She was not even interviewed.

26. Daniel Offner, a Deputy Assistant Director, stated that Arceneaux was not interviewed because "she was nothing but trouble."

27. That position was ultimately given to Clarence Johnson, a male Utility Worker, who had significantly less experience and tenure than Arceneaux.

28. Defendant told the EEOC that Johnson was selected because he had a college degree and military service.

29. Neither a college degree nor military service are required or preferred for the position.

30. More importantly, many male Field Supervisors do not possess college degrees or have military service: Marcus Hodge, Dalton Howard, Lawrence Renfro and Cozell Taylor.

31. Additionally, when Johnson was selected for the Supervisor position he had not begun much less completed the "required" 90-day training program.

32. In the past fifteen (15) years, the City of Houston has had only two (2) female Utility Supervisors. One of which, upon information and belief, had a personal relationship with the decision maker Foley.

## VI.   CAUSE OF ACTION No. 1:
## DISCRIMINATION BASED ON SEX UNDER TITLE VII

33. Plaintiff incorporates all allegations made above.

34. Plaintiff is in a protected class based gender.

35. Plaintiff was qualified for the supervisor positions she applied for.

36. Plaintiff was not promoted to the positions despite her experience and training.

37. Less qualified male employees were repeatedly selected for the positions.

38. Plaintiff has been victims of unlawful discriminatory conduct in the workplace in violation of Title VII, 42 U.S.C §2000e-2(a).  Plaintiff was unlawfully subjected to disparate treatment and suffered adverse employment actions by the City of Houston on the basis of her sex.

## VII.   CAUSE OF ACTION NO. 2:
## RETALIATION UNDER TITLE VII

39. Plaintiff incorporates all of the allegations made above.

40. Under 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of its employees because that employee has opposed any practice, which constitutes discrimination based on sex.

41. Defendant retaliated against Plaintiff for her opposition to a discriminatory practice.  After she filed an internal complaints, Plaintiff was not interviewed much less considered for the promotion positions to which she applied.  Prior to her complaints, she had at least been interviewed for the positions although she was ultimately passed over for male colleagues.  After she complained, Defendant did not even pretend to consider her applications.

## VIII.   RESPONDEAT SUPERIOR AND RATIFICATION

42. Whenever in this complaint it is alleged that the Defendant, did any act or thing, it

is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## IX.   DAMAGES

43.   Plaintiff seek monetary relief between $200,000 and $1,000,000.00.

44.   As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages, which include, but are not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future; past and future lost wages and benefits; loss of employment capacity; past and future medical bills, and such other damages as will be more fully shown at trial and for which Plaintiff specifically sues herein.

45.   Plaintiff would further show that the acts of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of Plaintiff.  In order to punish Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## X.   ATTORNEY'S FEE AND COSTS

46.   Plaintiff is entitled to an award of attorney's fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## XI.   JURY DEMAND

47.   Plaintiff requests a trial by jury on all issues that can be tried to a jury.

## XII.   PRAYER

WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear

and answer herein, and that upon a final trial, judgment be entered for the Plaintiff against Defendant for:

a. actual and consequential damages, including, but not limited to back pay (wages and benefits) and medical bills in the past and future;

b. compensatory damages, including, but not limited to severe emotional distress, mental anguish, humiliation and embarrassment in the past and which in reasonable probability will be suffered in the future;

c. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

h. Such other and further relief, at law or in equity, to which Plaintiffs may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

By: */s/Sara Richey*
Sara Richey
Attorney-in-Charge
Federal Bar No: 1147425
Texas Bar No.: 24068763
11777 Katy Freeway, Suite 335
Houston, TX 77079
Tel. (713) 636-9931
sara@thericheylawform.com

ATTORNEY FOR PLAINTFF