## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MARTINA ARCENEAUX** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-904** |
| | § | |
| **CITY OF HOUSTON** | § | |
| *Defendant.* | § | |

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff Martina Arceneaux files this Proposed Jury Instructions and Interrogatories. Plaintiff reserves the right to object to the submission or form of any instruction or question submitted to the jury, the right to request additional or modified instructions or questions, and the right to request to omit instructions or questions based on evidence or motions presented at trial and the Court's rulings on the outstanding motions.

**INSTRUCTION NO. 1[1]**
**PRELIMINARY INSTRUCTIONS**

**MEMBERS OF THE JURY:**

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may

---

[1] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil Cases) § 1.2 (2020)

become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any is- sue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the wit- nesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present [his/her/its] case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence.**

**It is now time for the opening statements.**

## INSTRUCTION NO 2. JURY CHARGE

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case.  The law contained in these instructions is the only law you may follow.  It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during trial that I favor either party, you must disregard that impression.  If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression.  You are the sole judges of the facts of this case.  Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence.  The statements of counsel are not evidence; they are only arguments.  It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rests.  What the lawyers say or do is not evidence.  You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments.  You must determine the facts from all the testimony that you have heard and the other evidence submitted.  You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.  You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.[2]

---

[2] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS, § 3.1 (2020).

## INSTRUCTION NO. 3 (BIAS – GOVERNMENTAL PARTY INVOLVED)[3]

Do not let bias, prejudice or sympathy play any part in your deliberations. A governmental entity and all other persons are equal before the law and must be treated as equals in a court of justice.

---

[3] *Adapted from Ibid* at § 2.16.

## INSTRUCTION NO. 4[4]
## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiff Martina Arceneaux has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that a Plaintiff has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

---

[4] *Ibid* at § 3.2.

## INSTRUCTION NO. 5[5]
## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

[5] *Ibid* at § 3.3.

## INSTRUCTION NO. 6[6]
## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

---

[6] *Ibid* at § 3.4.

**INSTRUCTION NO. 7**[7]
**NO INFERENCE FROM FILING SUIT**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone can make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

---

[7] *Ibid* at § 3.6.

## INSTRUCTION NO. 8[8]
## IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

[8] *Ibid* at § 2.11.

**INSTRUCTION NO. 9[9]**
**DUTY TO DELIBERATE; NOTES**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re- examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the writ- ten questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

---

[9] *Ibid* at § 3.7..

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question. You may now proceed to the jury room to begin your deliberations.

**INSTRUCTION NO. 10**
**TITLE VII DISCRIMINATION [10]**

Plaintiff Martina Arceneaux claims that she would have promoted to the Field Supervisor, but for her gender.

City of Houston denies Arceneaux's claims and contends her gender played no part in the decision to select other applicants for the Field Supervisor Positions.

It is unlawful for an employer to discriminate against an employee because of the employee's gender. An employer may, however, choose not to hire or promote an employee for other reasons good or bad, fair or unfair.

To prove unlawful discrimination, Plaintiff Arceneaux must prove by a preponderance of the evidence that:

    a. Defendant City of Houston did not promote her to the Field Supervisor position; and

    b. Defendant City of Houston would have promote her to the Field Supervisor position in the absence of—in other words, but for— her gender.

If you find that the reason City of Houston has given for not promoting Ms. Arceneaux is unworthy of belief, you may, but are not required to, infer that City of Houston did not do so because of Arceneaux's gender.

---

[10] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS, EMPLOYMENT CLAIMS § 11.1 (2020).

## INSTRUCTION NO. 11 (RETALIATION)[11]

Plaintiff Martina Arceneaux also claims that she was retaliated against by Defendant City of Housotn for engaging in activity protected by Title VII.  Ms. Arceneaux claims that she filed several internal complaints and grievances and a charge of discrimination with the Equal Employment Opportunity Commission. Plaintiff Arceneaux claims that City of Houston retaliated against her by not promoting her to any of the Field Supervisor positions for which she applied after the protected activity.

City of Houston denies Arceneaux's claims and contends that she did not receive any of the Field Supervisor positions because there were always more qualified candidates.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII. To prove unlawful retaliation, Plaintiff Arceneaux must prove by a preponderance of the evidence that:

    a.  Plaintiff Arceneaux engaged in a protected activity when she filed internal grievance and/or complaints or by filing a charge of discrimination with the EEOC;

    b.  Defendant City of Houston did not promote her to Field Supervisor and

    c.  Defendant City of Houston's decision to offer the Field Supervisor positions to other candidates was on account of her protected activity.

You need not find that the only reason for City of Houston's decision was Arceneaux's internal grievance and/or complaints or charge of discrimination with the EEOC; but, you must find that City of Houston's decision not promote Arceneaux to Field Supervisor would not have occurred in the absence of her internal grievance and/or complaints or charge of discrimination with the EEOC.

---

[11] *Ibid* at § 11.5.

If you disbelieve the reason City of Houston has given for its decision to issue suspensions, you may, but are not required to, infer that City of Houston would not have decided not to promote Arceneaux to Field Supervisor but for her engaging in the protected activity.

## INSTRUCTION NO. 12   (TITLE VII DAMAGES)[12]

**Plaintiff's proposed instruction:**

If you find that City of Houston violated Title VII, then you must determine whether it has caused Plaintiff Martina Arceneaux damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Arceneaux has proved liability.

Plaintiff Arceneaux must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others:

a. The amount of back pay and benefits Martina Arceneaux would have earned in her employment with City of Houston from March 11, 2020 to the date of your verdict if she had been promoted to Field Supervisor, minus the amount of earnings and benefits that Plaintiff received from employment during that time;

b. The amount of other damages sustained by Martina Arceneaux such as compensatory damages which include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

Back pay includes the amounts the evidence shows Plaintiff would have earned had she been promoted to Field Supervisor These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits City of Houston proves by a preponderance of the evidence that

---

[12] *Ibid* at § 11.14.

Plaintiffs received during the periods in question.[13]

To recover compensatory damages for mental and emotional distress, Plaintiff must prove that she suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiffs must support their claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.[14]

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for the harm she has sustained. Do not include actual damages interest on wages or benefits.[15]

---

[13] At 11.14.
[14] At 10.12.
[15] *Ibid* at §11.14.

## JURY QUESTIONS:

## QUESTION NO. 1:[16]

Has Plaintiff Martina Arceneaux proved that her gender was a motivating factor in Defendant City of Houston's decision(s) not to promote her to a Field Supervisor position?

Answer "Yes" or "No."

_____

---

[16] *Ibid* at §11.1.

**QUESTION NO. 2:**[17]

      Do you find by a preponderance of the evidence that Martina Arceneaux would have been promoted to Field Supervisor, but for her filing internal grievances and/or complaints and/or filing a charge with the EEOC?

Answer "Yes" or "No."

_____

---

[17] *Ibid* at § 11.5.

**QUESTION NO. 3:**[18]

What sum of money, if paid now in cash, would fairly and reasonably compensate Martina Arceneaux for the damages, if any, you have found City of Houston caused Plaintiff?

Answer in dollars and cents for the following items and none other:

a.   Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

$_____

b.   Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of

life. $_____

c.   Wages and benefits from March 11, 2020 to present. $_____

---

[18] *Ibid* at §11.14.

**INSTRUCTION NO. 12**[19]

**DUTY TO DELIBERATE**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict forms and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about this case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will

---

[19] *Ibid* at § 3.7.

respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED this _____ day of _____, 2025.

_____
CHARLES ESKRIDGE
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

By:  /s/Sara Richey
Sara Richey
11777 Katy Freeway, Suite 335
Houston, TX 77079
Phone: (713) 636-9931
Email:  sara@therricheylawfirm.com